**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: May 14 2019

John P. Gustafson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 17-52446 |
| | ) | |
| Kathryn G. Taus, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Adv. Pro. No. 17-05080 |
| | ) | |
| Dan Guardo Construction, Inc., | ) | Hon. John P. Gustafson |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Kathryn G. Taus, et al, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER APPOINTING THIRD PARTY TO TRANSFER PROPERTY PURSUANT TO FED. R. CIV. P. 70

This matter comes before the court on Plaintiff Dan Guardo Construction, Inc.'s ("Plaintiff") Motion to Show Cause and for Appointment of a Third Party ("Motion"). [Doc. #94]. Plaintiff also filed a Supplemental Memorandum [Doc. #100] and a Memorandum in Support of

Court Jurisdiction. [Doc. #111]. Defendant-Debtor Kathryn G. Taus ("Defendant-Debtor") filed a Response ("Response"). [Doc. #112]. In its Motion, Plaintiff argues that, because Defendant-Debtor continues to obstruct the conveyance of the real property located at 31 E. Lods Street, Akron Ohio 44304 ("the Property") in contravention of this court's prior Judgment for specific performance [Doc. #67], appointment of a third party to close the transaction on behalf of Defendant-Debtor is warranted. [Doc. #100, p. 2]. In her Response, Defendant-Debtor argues that this court lacks personal jurisdiction over Co-Defendant William Taus ("Co-Defendant") and is thus unable to grant Plaintiff's Motion to effectuate the transfer of the Property. For the following reasons, Plaintiff's Motion will be granted.

On January 2, 2019, the court entered a Judgment in which it ordered Defendant-Debtor Kathryn G. Taus ("Defendant-Debtor") to convey to Plaintiff the Property "as soon as is logistically possible." [Doc. #67, p. 2]. On January 14, 2019, Plaintiff filed a Motion for Contempt, arguing that Defendant-Debtor should be held in contempt because she had not conveyed the Property to Plaintiff pursuant to the court's Judgment. [Doc. #71]. The court set the matter for hearing on February 5, 2019.

At the February 5th hearing, counsel for Plaintiff and counsel for Defendant-Debtor appeared by phone. The parties agreed that Defendant-Debtor had still not conveyed the Property to Plaintiff. However, because Plaintiff filed its Motion for Contempt before this court's Judgment had become a final, non-appealable order, *see*, Fed.R.Bankr.P. 8002(a)(1), the court denied Plaintiff's Motion for Contempt without prejudice as to a future filing and gave Defendant-Debtor 21 days to comply with its prior Judgment.

Plaintiff filed the present Motion on March 8, 2019, stating that Defendant-Debtor had still not complied with this court's prior Judgment [Doc. #94]. The court set the matter for hearing to be held on March 25, 2019. [Doc. #99]. At the March 25th hearing, counsel for Plaintiff and counsel for Defendant-Debtor appeared in person. The court requested additional briefing on the issue of jurisdiction.

Upon review of the parties' briefs and the entire record in this case, the court is satisfied that it has jurisdiction over the parties, the Property, and the subject matter of this case. Further, the court finds that an appointment of a third party to conduct the conveyance of the Property under

2

Federal Rule of Civil Procedure 70(a)[1] is warranted.

First, even though this proceeding is now post-Judgment in nature, "[t]he jurisdiction of a court is not exhausted by the rendition of judgment, but continues until that judgment is satisfied…." *In re Reedy*, 247 B.R. 742, 745 (Bankr. E.D. Tenn. 1999)(quoting *Riggs v. Johnson County*, 73 U.S. 166, 187, 18 L.Ed. 768 (1867)). "This post-judgment jurisdiction, however, is limited to those actions that a court may take in that same action." *Id.* (quoting *Berry v. McLemore*, 795 F.2d 452, 455 (5th Cir. 1986)). Thus, because the court already found that it has "related to" subject matter jurisdiction over this specific performance adversary proceeding under §1334(b) [Doc. #66, p. 2, n. 2], the court finds that it also has subject matter jurisdiction over these post-Judgment proceedings.

There is no question that Defendant-Debtor's conduct warrants post-judgment relief against her. In its prior Memorandum of Decision and Order, this court found that Defendant-Debtor had breached a real property sales contract with Plaintiff by failing to close on the conveyance of the Property without justification. [Doc. #66, p. 12]. Thus, the court found that Plaintiff was due specific performance on the contract to convey the Property. [*Id.*, p. 14]. Since this court's entry of Judgment against her on January 2, 2019 [Doc. #67], Defendant-Debtor has failed to convey the Property and appears to have been engaged in stall tactics similar to those underlying her earlier breach of the sales contract with Plaintiff. Further, counsel for Defendant-Debtor has not disputed the fact that Defendant-Debtor has failed to comply with this court's Judgment. Accordingly, the court finds that Defendant-Debtor's conduct warrants the appointment of a third party under Fed. R. Civ. P. 70(a) to convey the Property.

In terms of the underlying pleadings, both Defendant-Debtor and Co-Defendant were named defendants in the Amended Complaint.[2] [Doc. #35, p. 1]. In an Answer filed by counsel

---

1/ Federal Rule of Civil Procedure 70 is made applicable to adversary proceedings in bankruptcy by Federal Rule of Bankruptcy Procedure 7070.

2/ In an Answer to the original Complaint filed on behalf of both Defendant-Debtor and Co-Defendant by counsel, both parties admitted the following allegations: 1) that this court has subject matter jurisdiction over this adversary proceeding [Doc. #8, p. 1, ¶ 2]; 2) that Plaintiff's claims with regard to the Property are core claims under the Bankruptcy Code [*Id.*]; and 3) that, even if claims in this adversary proceeding are deemed non-core, the parties consent to this court's determination of the matter and entry of appropriate orders and judgments. [*Id.*, ¶ 4]. Further, both Defendants asserted counter-claims against Plaintiff that sought affirmative relief. [*Id.*, pp. 5-7]. While the court recognizes that an Amended Complaint was filed and that a new Answer was filed by Defendant-Debtor and Co-Defendant in response, the fact that both parties consented to this court's exercise of jurisdiction in their original answer weighs in favor of this court's exercise of jurisdiction for purposes of Rule 70, particularly when the Amended Answer again affirmatively consented to the court's jurisdiction. [Doc. #37, p. 1, ¶ 2].

on behalf of both Defendant-Debtor and Co-Defendant, both parties admitted that, even if claims in this adversary proceeding are deemed non-core, the parties consent to this court's determination of the matter and entry of appropriate orders and judgments. [Doc. #37, p. 1, ¶ 2].

Thus, the court finds that the pleadings establish that both Defendant-Debtor and Co-Defendant consented to this court's exercise of jurisdiction over this adversary proceeding, including whether to appoint a third party in furtherance of this court's final, now non-appealable Judgment. *See*, *Wellness Intern. Network, Ltd. v. Sharif*, ___U.S.___, 135 S.Ct 1932, 1947, 191 L.Ed.2d 911 (2015)("Our precedents make clear that litigants may validly consent to adjudication by bankruptcy courts.").

In addition, the court finds that other facts support its exercise of jurisdiction over Co-Defendant. Summons and notice of the original Complaint were individually served on Co-Defendant via certified U.S. mail at his residence, satisfying Fed. R. Bankr. P. 7004. [Doc. #7]. Neither Defendant-Debtor nor Co-Defendant filed a motion to withdraw consent to this court's exercise of jurisdiction. *See*, *Hatch Jacobs, LLC v. Kingsley Capital, Inc.* (*In re Kingsley Capital, Inc.*), 423 B.R. 344, 352 (10th Cir. BAP 2010)(holding that, in order for a party to withdraw consent given under §157(c)(2), a motion and a showing of good cause is required).

Further, a Motion to Pay Rent was filed on behalf of Defendant-Debtor and Co-Defendant on December 18, 2017, seeking Plaintiff's payment of rent for its occupation of the Property while this adversary proceeding was pending. [Doc. #9]. Thus, Co-Defendant sought affirmative, monetary relief from the court as a component of his participation in this proceeding, further weighing in favor of the court's exercise of jurisdiction[3] over Co-Defendant and any potential

---

3/ Further, Co-Defendant's filings implicate the concept of waiver under Sixth Circuit precedent. A party waives certain defenses, including a challenge to the court's exercise of personal jurisdiction over the party, by failing to timely raise them in responsive pleadings or a pre-answer Rule 12 motion. *See*, *Gerber v. Riordan*, 649 F.3d 514, 521-22 (6th Cir. 2011)(Moore, J., concurring)(quoting Fed. R. Civ. P. 12(h)(1)). Participating in litigation in a manner that "manifest[s] an intent to submit to the court's jurisdiction…" can also constitute a waiver of a personal jurisdiction challenge. *Id.* at 523 (quoting *Continental Bank, N.A. v. Meyer*, 10 F.3d 1293, 1297 (7th Cir. 1993)).

Here, Co-Defendant waived his right to challenge this court's exercise of personal jurisdiction over him by failing to raise that defense in his Answer to the Amended Complaint. Co-Defendant also waived his right to challenge personal jurisdiction by filing a motion for affirmative relief in the form of rent payments, an act that manifests Co-Defendant's intent to submit to this court's jurisdiction. *But cf.*, *Gerber*, 649 F.3d at 522 n. 1 (Moore, J., concurring)(stating that, contrary to Sixth Circuit practice, "…the term 'forfeiture' is a more accurate description of a defendant's loss of the right to challenge personal jurisdiction…"). Regardless of the term used, the court finds that Co-Defendant's filings in this case prevent him from challenging this court's personal jurisdiction over him at this late stage in the proceedings.

interest of his in the Property. *See*, *In re Feldman*, 309 B.R. 422, 428 (Bankr. E.D.N.Y. 2004)("An Order affecting a non-debtor's interest in certain property may be validly entered if the Court has personal jurisdiction over the non-debtor or *in rem* jurisdiction…over the property."); *In re Price*, 304 B.R. 769 (Bankr. N.D. Ohio 2004)("[*In rem*] orders do not require that the property co-owners or transferees be subject to the court's jurisdiction."); *see also*, *Pryor v. Tromba*, 2014 WL 1355623 at *4, 2014 U.S. Dist. LEXIS 47969 at **14-15 (E.D.N.Y. December 31, 2014)(citing *Feldman* and *Price* in holding that the court had *in rem* jurisdiction over a non-debtor's interest in property).

Defendant-Debtor's Amended Schedules also state that the Property is commercial in nature. [Case No. 17-52446, Doc. #62, p. 3]. Thus, there appears to be no co-debtor stay with regards to Co-Defendant's interest in the Property because the co-debtor stay only protects property interests encumbered by consumer debts. *See*, *Saleh v. Bank of America, N.A.* (*In re Saleh*), 427 B.R. 415, 420 (Bankr. S.D. Ohio 2010)("It is true that §1301 of the Bankruptcy Code extends a co-debtor stay in very limited circumstances to certain non-debtor 'individuals' who share liability with a Chapter 13 debtor *on a consumer debt*. However, the language of the statute is exceptionally precise and cannot be read to extend the protections of the co-debtor stay to corporations and other non-individuals *or non-consumer debts*.")(emphasis added).

Defendant-Debtor has exhibited a long and consistent pattern of delay that has continued in the wake of this court's holding that Plaintiff is due specific performance on the sales contract it entered into with both Defendant-Debtor and Co-Defendant. While the court recognizes that Co-Defendant may be currently suffering from health issues that make his compliance with this court's orders difficult or impossible, there is no indication that he was unable to consent to this court's exercise of jurisdiction when he, through counsel, filed an Answer to Plaintiff's Amended Complaint and a Motion to Pay Rent. Further, the court finds that any present health-related disability on Co-Defendant's part weighs in favor of appointment of a third party so that this matter may finally be concluded.

Accordingly, the court finds that appointment of a third party under Rule 70 to carry out the conveyance of the Property on Defendant-Debtor and Co-Defendant's behalf is warranted.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Show Cause and Appointment of a Third Party [Doc. #100] be, and hereby is, **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff submit to the court a list of up to three

5

potential third parties, in the order of Plaintiff's preference, to carry out the conveyance of and closing on the Property.

###